FILED

MAR - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Larry Welenc
P.O. Box 672
Ventura CA 93002
February 25, 2007

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA
## WASHINGTON D.C.

**LARRY WELENC**
<u>Petitioner</u>

CASE NUMBER 1:07CV00453

JUDGE: Reggie B. Walton

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 03/08/2007

vs

**UNITED STATES
DEPARTMENT OF HOMELAND
SECURITY**

**UNITED STATES COAST
GUARD**

**2100 SECOND ST. S.W.
WASHINGTON DC 20593-0001**

<u>Petition for Judicial Review
of Denial of FOIA Appeal
5720
A00-057</u>

<u>Respondent</u>

## STATEMENT OF FACT

On September 9, 1999 Petitioner sent an E-Mail to the Coast Guard inquiring as to why a report on the fire aboard the Scandinavian Sea, which occurred on August 20, 1984 did not appear on the Coast Guards Marine Casualty website, now at http://www.uscg.mil/hq/g-m/moa/reportindexcas.htm#mb, though a report on the fire aboard Scandinavian Sun's sister ship the Scandinavian Sun, occurring on March 15, 1984, seven months later did appear on the site. Petitioner was employed on the ship during the fire on August 20, 1984 as a Croupier through a concession based in England, Atlantic Maritime Associates.

Petitioner further pointed out in an E-Mail to the Respondent of September 9, 1999, that a report on the Scandinavian Sun was in fact available on another link on the Coast Guard's website the a link, under "humane elements bibliographic List" http://www.uscg.mil/humanelements/data/782085798

Abstract: PTPNUM>782085798 TITLE>Marine Accident Report - Fire Aboard the Bahamian Passenger Ship M/V SCANDINAVIAN SUN, Port of Miami, Miami, Florida, August 20, 1984. PNAME>National Transportation Safety Board RPTDATE>7/1/8

though it was not accessible to the viewer.

Ken Olsen of the Coast Guards Office and Investigation Analysis Division responded by E-Mail on September 13, 1999, **"the incident you site may not have been investigated and reported on a Marine Board Investigation, which would explain why it was not found amongst our hard copies."**

Petitioner stated in an E-Mail sent to Mr. Olsen dated September 14, 1999 on his printed copy, that "it is inconceivable that the Coast Guard did not investigate as both ships were registered in the Bahamas", (it was understood that the ship launched and docked in the USA and caught fire in US waters). Petitioner further stated in an E-Mail sent on September 18, 1999, "both fires occurred off the coast of Florida, both ships were of Bahamian Registry, both ships were owned by the same Danish company Sea Escape. Both fires also occurred within several months of each other."

Ken Olsen responded in an E-Mail sent on September 13, 1999 (Petitioner can not explain the discrepancy in the dates, the response preceding the request a he has only a printed copy for this particular E-Mail on which the date is recorded) stated that there was indeed a Marine Casualty report available on microfiche and gave Petitioner the contact person, Gary Chappel, with whom to make the request.

A Request was made according to the Denial of March 10, 2006, on September 14, 1999. On March 30, 2000 respondent released 77 pages **which were permitted to be released to the public** with 40 pages redacted were released to the Petitioner, **Exhibit A**, letter from the Coast Guard granting release of Information. A true and correct copy of Exhibit A has been submitted with this document.

Petitioner filed an appeal on July 29, 2000 for the release of excised information in the reports as well as the information that was not approved for public review. In a letter from the Respondent dated July 31, 2003 , the appeal was accepted and assigned FOIA appeal case number A00-057, **Exhibit B**. A true and correct copy of Exhibit B has been submitted with this document.

## ARGUMENT

Respondent sent a letter of denial dated March 10, 2006 to an address of the Petitioner in Las Vegas not valid for the last seven years though the last correspondence from the Respondent to the Petitioner was sent to an address that was valid until July 2005. The letter of Denial was received on February 24, 2007, **Exhibit C**, copy of letter of Denial dated March 10, 2006 and **Exhibit C1**, copy of the envelope's date stamped. A true and correct copy of Exhibit C and C1 have been submitted with this document.

Respondent claims in his denial of March 10, 2006 that the basis of the Petitioner's appeal was "The report is a joke in my eyewitness opinion." In fact what was stated in Petitioner's Appeal sent via the US mail and stamped Received by the Coast Guard Jun 21, 2000, was that <u>no where in the report is any mention made of the Casino or Casino Personnel and further the actions of the Casino Personnel might shed some light on the trail of smoke described in the report.</u>

In reference to the Office of Information Management's letter of January 9, 2000 claiming that Petitioner Appeal did not comply with Coast Guard Regulations and could not be accepted as an appeal. The fact is that the Appeal was accepted with the letter of the Respondent dated June 13, 2000, Exhibit B. After acceptance of the Appeal the Defendant cannot un-accept it only grant or deny it.

The Petitioner did nevertheless respond to this letter of January 9, 2000 through a fax sent on January 21, 2001. Defendant references only point no. 5 in the fax interpreting it in his own way and then denying the appeal. Four additional points in this Fax were omitted by the Respondent They are as appearing in the E-Mail:

1.) I was employed on the Ship in question at the time of the fire and was present during the fire.

2.) I was also allowed on board the next day

3.) My recollection of the events and the official story in newspapers do not tally.

4.) Unlike the fire concerning the sister ship the Scandinavian Sear several months later, the report of the fire in question was not available on your web site.

In reference to point 5 "I believe as an eyewitness aboard the ship at the time of the fire that you are hiding something!" **what the Respondent seems to be hiding is that part of the ship and ships personnel which was defined a major part the very nature of the ships itinerary and revenue, the Casino and it's employees.** The Scandinavian Sun was first among it other amenities, a gambling ship that made day cruises to the Bahamas. The Casino was open continuously whenever the ship was in international waters and the in the recollection of the Petitioner around 7 blackjack tables and one Roulette table were "standing room only", bets outside the player circles being permitted".

Yet the only mention of the Casino made in the 77 released pages Petitioner found only one indication that there was a Casino aboard, page 2 of the Report of R&D Center of Investigation of the August 1984 fire on the Scandinavian Sun under Fire Detection Zone 8 Bahamas deck, **Casino Starboard forward. The Head Waiter is listed in the Report**

**as being aboard the ship though not the Casino Manager who is usually and Officer aboard the Ship.**

As Petitioner indicated in his Appeal of June 13 2000, the actions of some of the Casino Personnel (immediately after the fire alarm sounded should) should indicate the extent of the trail of smoke during the fire. Petitioner's memory of the events that night during which he sitting in the Nassau deck with some of the other Casino employees, does not tally with the point 17 on page 9 of the Findings of Fact. "As the passengers were leaving, the main lobby of the ship became engulfed with heavy black smoke.

**Petitioner does not remember smoke in the lobby at the time the alarms sounded.**
The fire began on the lower decks. It is inconceivable that the alarms would have only sounded after the smoke had worked its way up to the upper decks and to the lobby. In fact Petitioner saw no danger in the lobby at the time the alarms sounded, the bulk of the passengers being in or around the lobby waiting to disembark, though there was indeed panic among the passengers, in the Petitioners opinion unnecessary in most cases, after the alarms went off as stated in the report.

Petitioner has recently released to the Coast Guard a complete accounting of the events that night concerning the Casino Personnel. Petitioner believes that the information not marked for release must concern the Casino and its Personnel of which the Petitioner was a part. Petitioner wished to compare this information with his recollection of events.

In regards to the names which were excised, some of the names were released to the public in the contemporary news articles and therefore are public knowledge. **Irregardless Petitioner is not making the request as a member of the public but as a crew member on board the ship at the time of the fires. Further the Petitioner does not believe that the investigation was competent!**

It is however not the excised names in the released pages that the Petitioner seeks, it is the name of the Casino Personnel as they appear registered on the ship. As a member of the Casino Petitioner is entitled to this information. Petitioner also seeks the information that is being withheld from the general public, which must in part concern the Casino and its personnel. It can be presumed through the statement of Ken Olsen pages **which were permitted to be released to the public,** that that there is information that was not permitted to be released to he public, since if this were not the case the statement would have been superfluous.

Dated _Feb 26, 2007_     Signed _[signature]_

**Petitioner pro se**

## **CERTIFICATE OF MAILING**

The undersigned does hereby certify that on this day the 29th day of FEBRUARY 2007 ____ that a copy of the Motion was sent via the US Mail to the Respondent

        Commandant
        United States Coast Guard
        2100 Second Street . S.W.
        Washington DC 20593 - 0001

Dated: Feb 26, 2007        Signed: [signature]

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-453
I RBW

## I (a) PLAINTIFFS
LARRY M WELENC

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

VENTURA COUNTY, CA

## DEFENDANTS
UNITED STATES DEPT OF HOMELAND SECURITY
U.S. COAST GUARD

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  DISTRICT OF Columbia
(IN U.S. PLAINTIFF CASES ONLY)

CASE NUMBER 1:07CV00453
JUDGE: Reggie B. Walton
DECK TYPE: FOIA/Privacy Act
DATE STAMP: 03/08/2007

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
PETITIONER PRO SE

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
...

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

Court Name: District of Columbia
Division: 1
Receipt Number: 4616002764
Cashier ID: aludd1
Transaction Date: 03/08/2007
Payer Name: Larry M Welenc
------------------------------
CIVIL FILING FEE
 For: Larry M Welenc
 Amount:       $350.00
------------------------------
CHECK
 Check/Money Order Num: 923786078
 Amt Tendered: $350.00
------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:        $0.00

07-0453

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $45 fee will be charged for a returned check.

### Pro Se General Civil

...y
...eal 28 USC 158
...hdrawal 28 USC 157

...etitions
...th Penalty
...ndamus & Other
...il Rights
...ion Condition

...ights
...pyrights
...ent
...demark

...x Suits
...es (US plaintiff or
...it
...Third Party 26
...9

### Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

### Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☒ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Appeal of FOIA Denial under 5 U.S.C § 552(a)(6)(A)(ii) and CFR § 2.21(b)

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint  JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE Jul 26, 2007   SIGNATURE OF ATTORNEY OF RECORD   pro se   [signature]

JTC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.