UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY WELENC, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>HOMELAND SECURITY and UNITED )<br>STATES COAST GUARD, )<br>)<br>Defendants )<br>) | Civil Action No. 07cv453 (RBW) |

**ORDER**

The pro se plaintiff in this case brings this action against the defendants for review of the defendants' denial of his request for information made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2007). The plaintiff's Petition for Judicial Review of Denial of FOIA Appeal ("Petition") requests that this Court review the propriety of the defendants' redactions and withholding of information made pursuant to Exemption 6 of the FOIA, 5 U.S.C. § 552(b)(6). Petition at 8. Having received no response to the complaint, the petitioner filed a motion requesting that this Court enter a "[d]efault [j]udgment against the [r]espondent[s] [and] compelling [the] [r]espondent[s] to release the requested information." See Motion for Default Judgment [D.E. # 3]. The Clerk of the Court subsequently entered a default against the defendant for "failure to plead or otherwise defend this action though duly served with summons and copy of the complaint on [May 11, 2007]." See June 26, 2007 Clerks Entry of Default. Currently before the Court is the Defendant's Motion to Vacate Default Against Defendants, United States Department of Homeland Security and United States Coast Guard. ("Def.'s Mot.")

[D.E. # 6].

The defendants contend, as grounds for their motion, that they were never properly served with process pursuant to Federal Rule of Civil Procedure 4(i)(2)(A). Defs.' Mot. at 1. Rule 4(i)(2)(A) requires that "[s]ervice on any agency . . . of the United States is to be effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the . . . agency . . . ." Fed. R. Civ. P. 4(i)(2)(a). And, Rule 4(i)(1) requires that the United States be served

> by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States Attorney or clerical employee designated by the United States Attorney in a writing filed with the clerk of the court by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney . . . .

Fed. R. Civ. P. 4(i)(1)(A). Moreover, Rule 4(i)(1)(B) requires that "a copy of the summons and complaint [be sent] by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia." Fed. R. Civ. P. 4(i)(1)(B).

Here, the plaintiff submitted to the Clerk of the Court via facsimile, a return receipt from the United States Postal Service indicating that a package had been delivered to the United States Coast Guard in Washington, D.C. on March 12, 2007. See Return of Service/Affidavit [D.E. # 2]. The defendants acknowledge receipt of correspondence from the plaintiff containing a complaint. Defs.' Mot., Exhibit ("Ex.") 2 (Declaration of Eric J. Young ("Young Decl.")) at 1.[1] However, they contend that at the time of receipt of the package the complaint had not yet been filed with

---

[1] Eric J. Young is employed as an attorney with the United States Coast Guard in the Office of Claims and Litigation. Young Decl. at 1. His "office is responsible for accepting and responding to all service of process delivered" to the Department of Homeland Security and the United States Coast Guard "includ[ing] service of subpoenas, petitions, complaints, motions and other legal documents." Id.

this Court, it did not contain a date or a case number, and it was not accompanied by "a summons or other documentation routinely found in standard complaint service packages." Id. Thus, the defendants contend that they were never properly served in compliance with Rule (4)(i)(2). They are correct. To have properly effected service in this case, the plaintiff was required to serve both the summons and complaint on three separate components of the United States government, namely, the United States Attorney for the District of Columbia or his designee, the Attorney General of the United States, and either the Department of Homeland Security or the United States Coast Guard.[2] It appears, however, from the Return of Service Affidavit that the plaintiff attempted to satisfy the service requirements of Rule 4(i)(2) by merely mailing only the complaint to the Coast Guard. And, the plaintiff mailed the complaint before the complaint was even filed with this Court.

    The process employed by the plaintiff is defective for several reasons. First, the Federal Rules of Civil Procedure require that the process of bringing a case in federal court commences with the "filing of a complaint with the Court." Fed. R. Civ. P. 3. It is only after the complaint is filed that "the plaintiff may present a summons to the clerk for signature and seal." Fed. R. Civ. P. 4(b). The clerk will then sign, seal and issue the summons, id., at which time it may be served on the defendant along with a copy of the complaint. Id. at 4(c)(1). Thus, the plaintiff was required to file the complaint with this Court before attempting to serve not only the complaint, but also a summons on the Coast Guard. Moreover, there is no indication that the plaintiff even attempted to serve copies of the complaint and a summons on the United States Attorney for the

---

[2]Because the United States Coast Guard is a component of the Department of Homeland Security, see Young Decl. at 1, the Court presumes that service on either would have been sufficient.

District of Columbia or his designee and the Attorney General of the United States as required by the Rules. Accordingly, there has been utter non-compliance with the Rules that govern both the means by which civil actions in federal court are initiated and how proper service of process is to be effected. The Court must therefore vacate the default entered against the defendants by the Clerk of the Court.

    SO ORDERED on this 24th day of September, 2007.

                                          REGGIE B. WALTON
                                          United States District Judge