Larry Welenc
P.O. Box 60721
Las Vegas NV 33784
October 4, 2007

**RECEIVED**

OCT - **9** 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA
## WASHINGTON D.C.

**LARRY WELENC**
Petitioner & Plaintiff

**Case no.** 2007- cv- 0453 (RBW)

vs

**UNITED STATES**
**DEPARTMENT OF HOMELAND**
**SECURITY**

**UNITED STATES COAST**
**GUARD**

**2100 SECOND ST. S.W.**
**WASHINGTON DC 20593-0001**

Respondent & Defendant

**Reply to Defendant's Motion to**
**Vacate Default Judgment**

Defendant claims that the Complaint was delivered without a summons. This is untrue. A summons mailed to the Court Clerk, signed and sent back to the Plaintiff and included with the complaint.

Defendant also claims to have made an attempt to contact the Plaintiff about the Motion by calling the telephone number in Plaintiff's facsimile to the Court. Plaintiff made numerous calls to the Defendant from February 2007 to June 2007 requesting a callback which he received on only one occasion. An up to date phone number for the call back was always given.

Among the Coast Guard Personnel with whom he Plaintiff had spoken or had and E-Mail exchange were Robin Oulette and Denise Williams, both of whom the Plaintiff corresponded by E-Mail since 2001 and most recently since February 2002, Defendant could have easily sent an E-Mail if he could not reach the Plaintiff by phone which in any event was simply not the case.

Among the other Coast Guard Personnel with whom the Plaintiff spoke during these many calls from February 2007 until June 2007 were Cawana Davis to whom the fax in Exhibit 3 was sent. Shilenda 202-372-4400, , Donald Taylor 202-475-3519 CECILIA Documents - 203-475-3521, most recently with Amy Bunk, 202-372-3866 and most importantly with JAG  202-372-3726. Every name was given to the Plaintiff except Eric J

Young, the attorney for the US Coast Guard. Certainly JAG could have informed the Plaintiff on where and how the Documents should be sent.

Plaintiff further claims that the Service was defective among other thing since the Plaintiff never served the Attorney General or United States Attorney. Plaintiff was informed by the Defendant to direct the complaint to the Commandant of the Coast Guard.

Defendant also claims that because of the improper Service the time of Defendant's to answer has not yet begun. He claims to have been preparing his case while awaiting proper service. Yet his office ignored all inquiries from the Plaintiff since February 2007 as to why the Defendant had not yet responded to the complaint. If the Defendant really want to comply with LCvR 7(m) and consult with the Plaintiff, he simply could have done so by 1.) actually calling the Plaintiff on his Phone no of record if the call was made before the number change sometime after the third week of June
2.) obtaining an up to date phone number from the Coast Guard if the call was made after the Plaintiff changed his number 3.) E-Mailing the Plaintiff to the E-Mail on records (still valid) .

Lastly Plaintiff would like to point out that the original denial of the FOIA request was sent to a temporary address in Las Vegas not valid for over 7 years old, despite the fact that Defendant had a more current address valid until July 2005 to which a forwarding address was attached thus delaying a complaint with this court by over seven months.

For the stated reason  and due to the fact that  Plaintiff is a pro se litigant, the Defendant's

Motion to vacate Default Judgment should be denied.


Dated: _Oct 4, 2007_          Signed: _____


## **CERTIFICATE OF MAILING**


The undersigned does hereby certify that on this day the _4th_ of _October_ ~~September~~ 2007 that a copy of

the Motion was sent via the US Mail to  the Respondent at

> Eric J Young D.C. Bar # 422591
> Attorney Advisor
> United States Coast Guard
> 2100 Second Street, SW
> Washington DC 20593


Dated: _Oct 4, 2007_          Signed: _____

