UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY WELLENC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 1:07-0453 (RBW) |
| ) | |
| v. ) | |
| ) | |
| DEPARTMENT OF HOMELAND SECURITY, ) | |
| *et al.* ) | |
| ) | |
| Defendants ) | |
| ) | |

## ANSWER

United States Department of Homeland Security ("USDHS") and United States Coast Guard ("USCG") (collectively "Defendants"), through the undersigned answer Plaintiff's complaint as follows:[1]

1. Defendants admit receiving Plaintiff's e-mail inquiries and that Plaintiff filed a request under the Freedom of Information Act ("FOIA") on or about September 14, 1999, but lacks sufficient knowledge to admit or deny the balance of the paragraph.

2. Defendants admit that their website holds information about some of its activities but lacks sufficient knowledge to admit or deny the balance of this paragraph.

3. Defendants admit that its personnel attempted to assist Plaintiff regarding his email inquiries but lack sufficient knowledge to admit or deny the remaining paragraph.

4. Defendants lack sufficient knowledge to admit or deny this paragraph in its

---

[1] Although Plaintiff's complaint is paginated from 1 through 9, it is not further denominated by paragraphs. Accordingly, Defendants have supplied paragraph numbers throughout the complaint in order to be responsive to Plaintiff's complaint as is required. A copy of the complaint with paragraph numbers inserted is attached.

entirety.

5. Defendants admit that their personnel attempted to assist Plaintiff with his email inquiries but lacks sufficient knowledge to admit or deny this paragraph.

6. Defendants admit that, on September 14, 1999, Plaintiff filed a FOIA request for all documents regarding the USCG's investigation of the vessel Scandinavian Sun on August 20, 1984. Defendant further admit that you requested an explanation for "why this is not listed on the casualty report web page." Defendants further admit that, under cover letter dated March 30, 2000, 77 pages of documents responsive to Plaintiff's request were produced of which portions of 44 pages were redacted on privacy grounds. Defendants further admit that, on or about November 1, 1999, Plaintiff was given an explanation about the contents of the USCG's web page.

7. Defendants admit that, on June 29, 2000, Plaintiff filed an objection to Defendants' production under cover letter dated March 30, 2000. Defendants also admit that Plaintiff's objection letter was acknowledged by letter dated July 31, 2000. Defendants lack sufficient knowledge to admit or deny the balance of the paragraph.

8. Defendants admit that their letter dated March 10, 2006, was addressed to Plaintiff at a Las Vegas, Nevada address. Defendants also admit that a copy of the March 10, 2006 letter was mailed to Plaintiff at a Ventura, California address on or about February 20, 2007. Defendants lack sufficient knowledge to admit or deny the balance of the paragraph.

9. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph. Nevertheless, Defendants acknowledge and admit receipt of Plaintiff's appeal dated June 29, 2000.

10. Defendants deny the allegations contained in this paragraph.

11. Defendants deny the allegations contained in this paragraph.

12. Defendants lack sufficient knowledge to admit or deny Plaintiff's allegations contained in this paragraph.

13. Defendants lack sufficient knowledge to admit or deny Plaintiff's allegations contained in this paragraph.

14. Defendants lack sufficient knowledge to admit or deny Plaintiff's allegations contained in this paragraph.

15. Defendants lack sufficient knowledge to admit or deny Plaintiff's allegations contained in this paragraph.

16. Defendants lack sufficient knowledge to admit or deny Plaintiff's allegations contained in this paragraph.

17. To the extent that this paragraph alleges that Defendants have waived their legal argument to withhold the names of individuals on privacy grounds, it contains a legal argument to which no response is required. To the extent that an answer is deemed required, deny.

18. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph. To the extent that the paragraph is an objection to Defendants' redactions, it contains legal arguments to which no response is required. Defendants deny Plaintiff's legal arguments.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

The Plaintiff has failed to state a claim upon which relief may be granted.

<u>SECOND DEFENSE</u>

The Court lacks subject matter jurisdiction over Plaintiff's claims, as no documents have been improperly withheld.

<u>THIRD DEFENSE</u>

Plaintiff has failed to exhaust his administrative deadlines and/or failed to meet pre-litigation administrative requirements and time limits.

WHEREFORE, Defendants requests judgment in its favor and against Plaintiff, together with costs.

November 26, 2007                                  Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

Attorneys for Defendant

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I caused service of the foregoing **Defendants' Answer to Plaintiff's Complaint** to be made by mailing a copy thereof to:

Larry Welenc
P.O. Box 672
Ventura, CA
93002

and

Larry Welenc
P.O. Box 60721
Las Vegas, NV
33784

on this 26th day of November, 2007

                                  _____/s/_____
                                  KENNETH ADEBONOJO
                                  Assistant United States Attorney

Larry Welenc
P.O. Box 672
Ventura CA 93002
February 25, 2007

FILED

MAR - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA
## WASHINGTON D.C.

**LARRY WELENC**
<u>Petitioner</u>

CASE NUMBER 1:07CV00453

JUDGE: Reggie B. Walton

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 03/08/2007

vs

**UNITED STATES
DEPARTMENT OF HOMELAND
SECURITY**

**UNITED STATES COAST
GUARD**

**2100 SECOND ST. S.W.
WASHINGTON DC 20593-0001**

<u>Respondent</u>

<u>**Petition for Judicial Review
of Denial of FOIA Appeal
5720
A00-057**</u>

## STATEMENT OF FACT

1\. On September 9, 1999 Petitioner sent an E-Mail to the Coast Guard inquiring as to why a report on the fire aboard the Scandinavian Sea, which occurred on August 20, 1984 did not appear on the Coast Guards Marine Casualty website, now at http://www.uscg.mil/hq/g-m/moa/reportindexcas.htm#mb, though a report on the fire aboard Scandinavian Sun's sister ship the Scandinavian Sun, occurring on March 15, 1984, seven months later did appear on the site. Petitioner was employed on the ship during the fire on August 20, 1984 as a Croupier through a concession based in England, Atlantic Maritime Associates.

2\. Petitioner further pointed out in an E-Mail to the Respondent of September 9, 1999, that a report on the Scandinavian Sun was in fact available on another link on the Coast Guard's website the a link, under "humane elements bibliographic List" http://www.uscg.mil/humanelements/data/782085798

Abstract: PTPNUM>782085798 TITLE>Marine Accident Report - Fire Aboard the Bahamian Passenger Ship M/V SCANDINAVIAN SUN, Port of Miami, Miami, Florida, August 20, 1984. PNAME>National Transportation Safety Board RPTDATE>7/1/8

though it was not accessible to the viewer.

3   Ken Olsen of the Coast Guards Office and Investigation Analysis Division responded by E-Mail on September 13, 1999, <u>"the incident you site may not have been investigated and reported on a Marine Board Investigation, which would explain why it was not found amongst our hard copies."</u>

4   Petitioner stated in an E-Mail sent to Mr. Olsen dated September 14, 1999 on his printed copy, that "it is inconceivable that the Coast Guard did not investigate as both ships were registered in the Bahamas", (it was understood that the ship launched and docked in the USA and caught fire in US waters). Petitioner further stated in an E-Mail sent on September 18, 1999, "both fires occurred off the coast of Florida, both ships were of Bahamian Registry, both ships were owned by the same Danish company Sea Escape. Both fires also occurred within several months of each other."

5   Ken Olsen responded in an E-Mail sent on September 13, 1999 (Petitioner can not explain the discrepancy in the dates, the response preceding the request a he has only a printed copy for this particular E-Mail on which the date is recorded) stated that there was indeed a Marine Casualty report available on microfiche and gave Petitioner the contact person, Gary Chappel, with whom to make the request.

6   A Request was made according to the Denial of March 10, 2006, on September 14, 1999. On March 30, 2000 respondent released 77 pages **which were permitted to be released to the public** with 40 pages redacted were released to the Petitioner, **Exhibit A**, letter from the Coast Guard granting release of Information. A true and correct copy of Exhibit A has been submitted with this document.

7   Petitioner filed an appeal on July 29, 2000 for the release of excised information in the reports as well as the information that was not approved for public review. In a letter from the Respondent dated July 31, 2003, the appeal was accepted and assigned FOIA appeal case number A00-057, **Exhibit B**. A true and correct copy of Exhibit B has been submitted with this document.

## ARGUMENT

8   Respondent sent a letter of denial dated March 10, 2006 to an address of the Petitioner in Las Vegas not valid for the last seven years though the last correspondence from the Respondent to the Petitioner was sent to an address that was valid until July 2005. The letter of Denial was received on February 24, 2007, **Exhibit C**, copy of letter of Denial dated March 10, 2006 and **Exhibit C1**, copy of the envelope's date stamped. A true and correct copy of Exhibit C and C1 have been submitted with this document.

9. Respondent claims in his denial of March 10, 2006 that the basis of the Petitioner's appeal was "The report is a joke in my eyewitness opinion." In fact what was stated in Petitioner's Appeal sent via the US mail and stamped Received by the Coast Guard Jun 21, 2000, was that <u>**no where in the report is any mention made of the Casino or Casino Personnel and further the actions of the Casino Personnel might shed some light on the trail of smoke described in the report.**</u>

10. In reference to the Office of Information Management's letter of January 9, 2000 claiming that Petitioner Appeal did not comply with Coast Guard Regulations and could not be accepted as an appeal. The fact is that the Appeal was accepted with the letter of the Respondent dated June 13, 2000, Exhibit B. After acceptance of the Appeal the Defendant cannot un-accept it only grant or deny it.

11. The Petitioner did nevertheless respond to this letter of January 9, 2000 through a fax sent on January 21, 2001. Defendant references only point no. 5 in the fax interpreting it in his own way and then denying the appeal. Four additional points in this Fax were omitted by the Respondent They are as appearing in the E-Mail:

1.) I was employed on the Ship in question at the time of the fire and was present during the fire.

2.) I was also allowed on board the next day

3.) My recollection of the events and the official story in newspapers do not tally.

4.) Unlike the fire concerning the sister ship the Scandinavian Sear several months later, the report of the fire in question was not available on your web site.

12. In reference to point 5 "I believe as an eyewitness aboard the ship at the time of the fire that you are hiding something!" **what the Respondent seems to be hiding is that part of the ship and ships personnel which was defined a major part the very nature of the ships itinerary and revenue, the Casino and it's employees.** The Scandinavian Sun was first among it other amenities, a gambling ship that made day cruises to the Bahamas. The Casino was open continuously whenever the ship was in international waters and the in the recollection of the Petitioner around 7 blackjack tables and one Roulette table were "standing room only", bets outside the player circles being permitted".

13. Yet the only mention of the Casino made in the 77 released pages Petitioner found only one indication that there was a Casino aboard, page 2 of the Report of R&D Center of Investigation of the August 1984 fire on the Scandinavian Sun under Fire Detection Zone 8 Bahamas deck, **Casino Starboard forward. The Head Waiter is listed in the Report**

as being aboard the ship though not the Casino Manager who is usually and Officer aboard the Ship.

14. As Petitioner indicated in his Appeal of June 13 2000, the actions of some of the Casino Personnel (immediately after the fire alarm sounded should) should indicate the extent of the trail of smoke during the fire. Petitioner's memory of the events that night during which he sitting in the Nassau deck with some of the other Casino employees, does not tally with the point 17 on page 9 of the Findings of Fact. "As the passengers were leaving, the main lobby of the ship became engulfed with heavy black smoke.

15. Petitioner does not remember smoke in the lobby at the time the alarms sounded. The fire began on the lower decks. It is inconceivable that the alarms would have only sounded after the smoke had worked its way up to the upper decks and to the lobby. In fact Petitioner saw no danger in the lobby at the time the alarms sounded, the bulk of the passengers being in or around the lobby waiting to disembark, though there was indeed panic among the passengers, in the Petitioners opinion unnecessary in most cases, after the alarms went off as stated in the report.

16. Petitioner has recently released to the Coast Guard a complete accounting of the events that night concerning the Casino Personnel. Petitioner believes that the information not marked for release must concern the Casino and its Personnel of which the Petitioner was a part. Petitioner wished to compare this information with his recollection of events.

17  In regards to the names which were excised, some of the names were released to the public in the contemporary news articles and therefore are public knowledge. **Irregardless Petitioner is not making the request as a member of the public but as a crew member on board the ship at the time of the fires. Further the Petitioner does not believe that the investigation was competent!**

18  It is however not the excised names in the released pages that the Petitioner seeks, it is the name of the Casino Personnel as they appear registered on the ship. As a member of the Casino Petitioner is entitled to this information. Petitioner also seeks the information that is being withheld from the general public, which must in part concern the Casino and its personnel. It can be presumed through the statement of Ken Olsen pages **which were permitted to be released to the public,** that that there is information that was not permitted to be released to he public, since if this were not the case the statement would have been superfluous.

Dated Feb 26, 2007        Signed _____

Petitioner pro se