Larry Welenc
P.O. Box 60721
St. Petersburg FL 33784
November 23, 2007

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA
## WASHINGTON D.C.

**LARRY WELENC**
Petitioner & Plaintiff

**Case no.** 2007- cv- 0453 (RBW)

**RECEIVED**

NOV 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

vs

**UNITED STATES
DEPARTMENT OF HOMELAND
SECURITY**

**UNITED STATES COAST
GUARD**

**2100 SECOND ST. S.W.
WASHINGTON DC 20593-0001**

Respondent & Defendant

**Plaintiff's Reply to Defendant's
Response to Plaintiff's Motion to
Vacate Oder filed on 9/24/2007**

Defendant claims that he complied with its obligation to send the motion to Plaintiff's address of Record. As Plaintiff previously stated In his Reply to Defendant's Motion to Vacate default Judgment, Plaintiff had spoken telephonically with members of the US Coast Guard among them Robin Oulette and Denise Williams, Cawana Davis to whom the fax in Exhibit 3 was sent. Shilenda 202-372-4400, Donald Taylor 202-475-3519 CECILIA Documents - 203-475-3521, most recently with Amy Bunk, 202-372-3866 and most importantly with JAG 202-372-3726. In every case Plaintiff left a call back number. He last spoke with Amy Bunk after relocating to Florida. Plaintiff had every opportunity to inquire as to the **present address of the Plaintiff which in any case was listed on the motion for default Judgment dated June 26, 2007. Defendant simply had to read the current address on page one of the Motion.**

Contrary to Defendant's assertion, Plaintiff did not have Nevada address on his last Pleading. The city Las Vegas Nevada appears on the letterhead though the PO Box and zip code were correct. This was obviously a cut and past error on the Plaintiff's part. In any case the Pleading were sent by certified mail so the city and stated should have been known to the Defendant which is obviously the case since Plaintiff received Defendant's response. The issue is whether the correct address appeared on the Plaintiff's Motion for Default Judgment The address listed P.O. Box 60721, St. Petersburg Fl 33784 was and still is the correct mailing address of the Plaintiff.

## CONCLUSION

Contrary to Defendant's allegation, **Plaintiff did keep he court appraised of his new address** and therefore has no excuses for having failed to send the Motion to the proper address. In any event once Plaintiff did received the Motion at the proper address he **responded within 30 days after receiving the Motion**, therefore his response had to be taken into consideration before the Judges rendered a Decision . Since it was not and a decision was rendered before Plaintiff had a chance to respond within the time constraints set by the Rules and Regulations of the Court, Plaintiff's Motion should be granted.

Dated: *November 24, 2007*   Signed: *[signature]*

## CERTIFICATE OF MAILING

The undersigned does hereby certify that on this day the __ day _ of November, 2007 that a copy of the Motion was sent via the US Mail to the Respondent at

>Jeffrey A Taylor  D.C # 498610
>US Attorney
>Rudolph Contreras D.C. Bar #434122
>Assistant US Attorney
>John C. Truong D.C. Bar #465901
>Assistant US Attorney
>555 Fourth Street, N.W.
>Washington DC 20593

Dated: *November 24, 2007*   Signed: *[signature]*